IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIDRO RAMOS GALI,

        Plaintiff,                No. CIV S-07-1736 FCD KJM P

    vs.

BENJAMIN S. LOVE, et al.,

        Defendants.        FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). However, the in forma pauperis statute permits federal courts to deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113 (9th Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

1

1  Plaintiff alleges that defendant took money from plaintiff during his arrest and
2 booked it as evidence. Plaintiff seeks return of the money.

3  Neither the negligent nor intentional deprivation of property states a due process
4 claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451
5 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part
6 on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S.
7 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate
8 state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides
9 sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). In
10 California, a criminal defendant may file a non-statutory motion for the return of property seized
11 incident to arrest that was not introduced into evidence but rather remained in the possession of
12 the officer who seized it. People v. LaMonte, 53 Cal.App.4th 544, 549 (1997). Because there is
13 a post-deprivation remedy available, the current action does not state a claim.

14  IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma
15 pauperis be denied and the action be dismissed.

16  These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
18 days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court. The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
22 F.2d 1153 (9th Cir. 1991).

23 DATED: November 16, 2007.

_____
U.S. MAGISTRATE JUDGE

26 2 gali1736.56